**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KIMBERLY HART, *individually*; KIMBERLY HART, *as next friend on behalf of* X.H., *a minor child*,<br>Plaintiffs,<br>v.<br>HILL & ASSOCIATES OF GEORGIA, INC.,<br>Defendant. | Civil Action No.<br>1:24-cv-02900-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge J. Elizabeth McBath [ECF 71], which recommends that Defendant Hill & Associates of Georgia, Inc.'s motion for summary judgment [ECF 60] be denied and Plaintiffs' partial motion for summary judgment be granted [ECF 62]. Hill & Associates filed objections [ECF 74], to which Plaintiffs responded [ECF 75]. After careful consideration, Hill & Associates' objections are **OVERRULED** and Judge McBath's well-reasoned R&R is **ADOPTED** in its entirety.

## I. Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361

(11th Cir. 2009). The district court must make a *de novo* determination of those findings or recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b).

## II. Discussion

### A. Factual Background[1]

The parties' dispute concerns a vehicle repossession gone sideways. Plaintiff Kimberly Hart purchased a car through an installment contract and fell behind on her payments. So, the lender hired Hill & Associates to effect the repossession. On June 30, 2023, two tow truck drivers for Hill & Associates began to repossess the car while it was parked in a public parking lot at a strip mall where Hart, her husband, and her son (X.H.) were shopping. One of the drivers put a boot on the car, connected it to the tow truck, and lifted the car into the air. It is unclear at what point Hart exited the store she was in, but when she did, she saw the attempt to

1 Hill & Associates does not object to the R&R's recitation of the facts or to the denial of its own motion for summary judgment. Accordingly, the Court has reviewed those portions of the R&R for clear error and finds none. This Order summarizes the facts as recounted in the R&R only as necessary to provide context for Hill & Associates' objection.

repossess the car and called the police. Bystanders informed her they had already called the police, apparently because of Mr. Hart's objections to the attempted repossession. Although the parties dispute other details about what happened, they do not dispute that both Hart and her husband vigorously objected to the drivers' efforts to repossess the car, after it was booted but before it was towed.[2] The tow truck drivers eventually left the scene with the car in tow; Mr. Hart left the scene in police custody.

### B. Procedural Posture

The R&R recommends granting Plaintiffs' motion for partial summary judgment as to liability on their claims against Hill & Associates for violation of the Fair Debt Collection Practices Act (FDCPA), its Georgia analog (GFBPA), and wrongful repossession.[3] That recommendation depends on Judge McBath's conclusion that the tow truck drivers (and therefore Hill & Associates) breached the peace as a matter of law.[4] Hill & Associates objects to that determination and asserts that there are material facts in dispute on this issue, so the matter should go to a jury.[5] Specifically, Hill & Associates contends that there are disputes about

---

2 ECF 71, at 8–12.

3 *Id.* at 22.

4 *Id.* at 23–27.

5 ECF 74.

(1) whether there was physical contact between Mr. Hart and the drivers; (2) whether Mr. Hart and X.H. were in the car when it was immobilized; and (3) whether Mr. Hart made threats with a firearm.[6]

While those facts might add hue to this colorful dispute, they are not ultimately material to whether Hill & Associates breached the peace. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (indicating that a fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles). Georgia law is clear about what constitutes such a breach and there is no disagreement about the facts that establish one occurred here.

Under O.C.G.A. § 11-9-609, when there has been a default, a secured party make take possession of collateral "[w]ithout judicial process, ***if it proceeds without a breach of the peace.***" (Emphasis added.) As Judge McBath correctly noted, such a breach occurs when a creditor repossesses collateral over the unequivocal oral protest of the debtor or the spouse of the debtor who might reasonably be expected to object to the taking.[7] *Goodwin v. His Choice Towing & Recovery, LLC*, 2019 WL 1212119 (N.D. Ga. Jan. 14, 2019); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109 (1989). This is because "public policy is clearly in favor of a rule that an oral protest is sufficient to foreclose non-judicial possession

---

6 *Id.* at 4.

7 ECF 71, at 23.

because it does not beckon the repossessing creditor to the brink of violence." *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 111 (1989) (citation omitted). While determining whether there was a protest of the taking and if that protest was unequivocal are generally questions for a jury, *id.*, there is no genuine factual dispute to decide if no reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

Here, there is no dispute that both Hart and her husband vehemently orally objected to the repossession after the boot was placed on the car and before it was towed.[8] Nor does Hill & Associates argue otherwise. That is enough. *See, e.g.*, *Goodwin*, 2019 WL 1212119, at *13 (recommending that the plaintiff be granted summary judgment on her wrongful repossession and FDCPA claims), *report and recommendation adopted*, 2019 WL 7944075 (N.D. Ga. Dec. 3, 2019) (finding no error in the magistrate judge's conclusion that the defendants breached the peace while towing away the plaintiff's vehicle because "her husband made an oral protest of the dispossession on his wife's behalf"); *Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461 (1994) (concluding that evidence of the "plaintiff's resistance to seizure of her automobile at the time of repossession [was] sufficient to authorize

---

8 ECF 71, at 10–11.

a finding that [the defendant] and his associates breached the peace while repossessing plaintiff's automobile").

## III. Conclusion

Hill & Associates' objection [ECF 74] is **OVERRULED** and the R&R [ECF 71] is **ADOPTED** in its entirety as the Order of this Court. Hill & Associates' summary judgment motion [ECF 60] is **DENIED**. Plaintiffs' partial motion for summary judgment [ECF 62] is **GRANTED**. Within 30 days of this Order, the parties are **ORDERED** to file their proposed consolidated pretrial order.

The parties are further **ADVISED** to file any necessary Notice of Leave of Absence on the docket within 30 days of this Order, as a pretrial conference and trial will be scheduled thereafter without further notice. Counsel may include on this Notice any dates that conflict not only for themselves, but also for their clients or designated client representatives, as well as key witnesses. The Notice should include any conflicting dates from January through August 2027. Best efforts will be made to avoid conflicting dates, but given competing scheduling demands, this cannot be guaranteed. For this reason, counsel are encouraged to only include dates in the Notice that are truly in need of protection.

The Clerk is **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge